IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KRISTIN A. WILSON,
    Plaintiff,

v.

THE KROGER CO.,
    Defendant.

CIVIL ACTION FILE
NO. 1:18-CV-1417-TWT

AMENDED OPINION AND ORDER

This is a slip-and-fall case removed to this Court on the basis of diversity jurisdiction. It is before the Court on the Defendant's Motion for Partial Summary Judgment [Doc. 82]. For the reasons set forth below, the Defendant's Motion for Partial Summary Judgment [Doc. 82] is DENIED.

I.    Background

The Plaintiff Kristin A. Wilson slipped and fell in Defendant Kroger Co.'s store on May 29, 2015.[1] The Plaintiff contends that her fall was caused by a spill on the floor and that store employees were aware of the spill but failed to follow the store's safety protocols.[2] The Plaintiff contends that she

---

[1]    Def.'s Statement of Material Facts ¶ 17 [Doc. 82-2].

[2]    Pl.'s Statement of Material Facts ¶ 1 [Doc. 92-7].

sustained injuries to her lower back, right knee, and right foot as a result of the fall.[3]

A 2012 X-ray showed arthritis in the Plaintiff's right knee.[4] At some point between September of 2013 and April of 2014, the Plaintiff injured her right knee when she slipped and fell in the breezeway in front of her home.[5] In April of 2015, the Plaintiff sustained a "Lisfranc" injury to her right foot.[6] A Lisfranc injury results from bone fractures or ligament tears in the middle region of the foot.[7] An X-ray conducted on April 16, 2015, showed fractures to the Plaintiff's metatarsal bones and the reviewing doctor hypothesized that the Plaintiff's ligament was likely torn as well.[8] The Plaintiff's treating physician, Dr. Raj Bhole, placed the Plaintiff in a walking cast on May 5, 2015.[9] Dr. Bhole removed the cast on May 14, 2015, shortly before the Plaintiff embarked on a

---

[3] Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 18 [Doc. 92-7].

[4] Def.'s Statement of Material Facts ¶ 1 [Doc. 82-2].

[5] *Id.* ¶ 2.

[6] *Id.* ¶¶ 3-6.

[7] Brian M. Weatherford, M.D., *Lisfranc (Midfoot) Injury*, AMERICAN ACADEMY OF ORTHOPEDIC SURGEONS (last visited May 3, 2019), https://orthoinfo.aaos.org/en/diseases--conditions/lisfranc-midfoot-injury/. The Court takes judicial notice of this information pertaining to the Plaintiff's prior injury, which is not clearly explained in the parties' briefing, pursuant to Federal Rule of Evidence 201.

[8] Resurgens Orthopaedics Medical Records, at 65-66 [Doc. 83-1].

[9] Def.'s Statement of Material Facts ¶ 7.

2

cruise to Mexico.[10] Dr. Bhole cleared the Plaintiff for the trip but provided the Plaintiff with a post-op shoe and instructed her to rest as much as possible.[11] The Plaintiff slipped and fell in the Defendant's store on the same day that she returned from the trip.[12] The Plaintiff was wearing flip-flops when she fell.[13]

The Plaintiff originally filed this action in state court, seeking recovery from various corporate entities and individual "John Doe" defendants on a theory of premises liability. The Defendant removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b) after the state superior court dismissed the individual defendants and non-diverse corporate entities from the action.[14] The Defendant now moves for partial summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[15] The court should view the evidence and any inferences that may be

---

[10] *Id.* ¶ 8.

[11] *Id.* ¶ 9; *see also* Resurgens Orthopaedics Medical Records, at 11.

[12] Def.'s Statement of Material Facts ¶ 13.

[13] *Id.* ¶ 16.

[14] Def.'s Notice of Removal ¶¶ 12-15 [Doc. 1].

[15] Fed. R. Civ. P. 56(c).

3

drawn in the light most favorable to the nonmovant.[16] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[17] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[18]

### III. Discussion

Before proceeding to the parties' substantive arguments on summary judgment, the Court finds it necessary to resolve certain points of confusion in the parties' briefing. First, the Defendant's motion for partial summary judgment contains inconsistent requests for relief. The Defendant's brief begins by requesting that the Court enter summary judgment in its favor on the following questions:

(1) whether the Plaintiff's fall caused her right knee injuries;

(2) whether the Plaintiff's fall caused her right foot injuries; and

(3) whether the Plaintiff was contributorily negligent.[19]

The brief concludes, however, by requesting that the Court enter summary

---

[16] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[17] *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-24 (1986).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[19] Def.'s Br. in Supp. of Mot. for Partial Summ. J., at 1-2 [Doc. 82-1].

judgment in the Defendant's favor on a set of overlapping but distinct questions:

(1) whether the Plaintiff's fall caused her right knee injuries;

(2) whether the Defendant had actual knowledge of the hazard;

(3) whether the Plaintiff has made out a cognizable claim for lost wages;

(4) whether the Plaintiff has made out a cognizable claim for attorneys' fees.[20]

In the body of the brief itself, the Defendant argues that the record lacks expert medical testimony regarding the Plaintiff's theory of causation and that the Plaintiff was contributorily negligent because she allegedly ignored her doctor's instructions regarding appropriate footwear. The Defendant does not, however, put forward any arguments regarding its actual knowledge of the hazard or lack thereof. Nor does the Defendant mention the Plaintiff's purported claims for lost wages and attorneys' fees.[21] Therefore, the Court

---

[20] *Id.*, at 14-15.

[21] The Court cannot locate any pleading or motion, either filed with this Court or with the state court prior to removal, in which the Plaintiff makes a claim for attorney's fees. The parties' joint discovery plan identifies "attorney's fees" as a legal issue to be tried in this case, but this assertion finds no basis in the pleadings filed with the Court thus far. Therefore, as of the time of this Order, there is no claim for attorney's fees to be tried. Because it is unclear whether either party may yet pursue attorney's fees, the Court notes that a claim for attorney's fees pursuant to O.C.G.A. § 9-15-14 cannot be asserted in federal court. *Munson v. Strategis Asset Valuation & Mgmt., Inc.*,

5

concludes that the Defendant erred and does not intend to seek summary judgment on these issues.[22] Moving forward, the Court will assume that the Defendant is seeking summary judgment only on those issues with which it opens its brief.

Second, both parties demonstrate substantial confusion about whether state or federal law applies in a diversity action. The Plaintiff cites exclusively to Georgia state procedural law throughout her response brief.[23] The Defendant, despite pointing out that the Plaintiff improperly relies on state law discovery rules, nevertheless relies on state law evidentiary rules in its request to exclude certain attachments to the Plaintiff's response brief.[24] "Under the *Erie* doctrine, federal courts sitting in diversity apply state

---

363 F. Supp. 2d 1377, 1380 n.1 (N.D. Ga. 2005) (citing *Edwards v. Associated Bureaus, Inc.*, 128 F.R.D. 682, 683 (N.D. Ga. 1989)).

[22] The Plaintiff appears to have come to the same conclusion. Her response brief takes up the Defendant's arguments regarding medical causation and contributory negligence but does not acknowledge the additional grounds for summary judgment alluded to in the conclusion of the Defendant's summary judgment brief.

[23] *Cf.* Pl.'s Resp. to Def.'s Mot. for Partial Summ. J., at 2-5 [Doc. 92-1] (citing the state law standard for summary judgment); *id.*, at 16-17 (citing a state law exemption to Georgia's expert disclosure requirements codified at O.C.G.A. § 9-11-26(b)(4)(A)(i)).

[24] Def.'s Reply in Supp. of Mot. for Partial Summ. J., at 6-9 [Doc. 93] (arguing that medical records attached to the Plaintiff's response brief are not medical records subject to a hearsay exception under O.C.G.A. § 24-8-826, or, in the alternative, that they are not medical "reports" as the Georgia state courts have defined that term).

6

substantive law and federal procedural law."[25] Furthermore, "[r]ules of procedure encompass rules of evidence, and therefore, the Federal Rules of Evidence, not state evidentiary laws, apply."[26] Consistent with *Erie* and relevant Eleventh Circuit precedent, the Court will apply federal procedural rules in this case, including federal rules of discovery and evidence.

The Court turns now to the substantive arguments raised in the parties' summary judgment briefs. The Plaintiff in this case brings a premises liability action pursuant to O.C.G.A. § 51-3-1.[27] "To prevail in a premises liability action, a plaintiff must show: (i) the existence of a defective or hazardous condition on the premises; (ii) that the defendant had either actual or constructive knowledge of this condition; and (iii) that the plaintiff had no

---

[25] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[26] *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004); *see also Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 754 (11th Cir. 1985) ("[T]he admissibility of evidence in federal courts is governed by federal law.").

The Eleventh Circuit has recognized an exception to the general rule when state evidentiary rules are so intimately intertwined with the substantive law—in malpractice cases, for example—that not applying the state evidentiary rule would create an *Erie* conflict. *McDowell*, 392 F.3d at 1295. The case at bar does not fall under this exception.

[27] The complaint does not specify a cause of action other than general "negligence." Compl. ¶ 19 [Doc. 1-4]. The parties appear to agree, however, that the Plaintiff's cause of action arises under O.C.G.A. § 51-3-1, and the Defendant has not challenged the sufficiency of the complaint.

7

knowledge of the condition, despite the exercise of ordinary care."[28] As in any negligence action, the Plaintiff must demonstrate that the Defendant's breach caused the Plaintiff's injury.[29]

The Defendant makes two arguments at summary judgment. First, the Defendant argues that the Plaintiff cannot show that the allegedly dangerous condition caused the Plaintiff's knee and ankle injuries without expert medical testimony. Second, the Defendant argues that the Plaintiff was contributorily negligent because she allegedly ignored her doctor's instructions to wear a post-op shoe while recovering from her Lisfranc injury. The Court takes up each of these arguments in turn.

### A. Whether the Plaintiff can prove that the fall caused her injuries

The Defendant argues that the Plaintiff must offer expert medical testimony to prove causation, and that her failure to do so is fatal to her claim. Under Georgia law "expert evidence typically is not required to prove causation in a simple negligence case."[30] The Georgia Supreme Court has recognized an

---

[28] *Warner v. Hobby Lobby Stores, Inc.*, 321 Ga. App. 121, 123, 741 S.E.2d 270, 273 (2013).

[29] *See Johnson v. Wal-Mart Stores E., LP*, CV 617-003, 2018 WL 3863530, at *3 (S.D. Ga. July 30, 2018) (citing *Brown v. RFC Mgmt., Inc.*, 189 Ga. App. 603, 604 (1988)); *see also Moore v. Teague*, 255 Ga. App. 220, 222, 564 S.E.2d 817, 820 (2002) ("Causation is always an essential element in slip or trip and fall cases.").

[30] *Cowart v. Widener*, 287 Ga. 622, 622 (2010).

8

exception to the general rule, however, in cases where the Plaintiff's theory of causation raises "medical questions" that "can be answered accurately only by witnesses with specialized expert knowledge."[31] Expert medical testimony is generally required to prove causation when the "continuance of a disease" is at issue.[32] The Plaintiff's medical records show that the Plaintiff has arthritis in her right knee and that the Plaintiff sustained a Lisfranc injury to her right foot the month before her fall. The Defendant's expert, Dr. John D. Henry, Jr., opines that the "pain, stiffness, and intermittent swelling" that the Plaintiff reported in her right knee was caused by her preexisting arthritis and not by her fall.[33] Another expert retained by the Defendant, Dr. John Chao, opines that the Plaintiff's fall did not exacerbate her preexisting foot injury.[34] The Defendant argues that the Plaintiff's claims necessarily fail unless she can put forward expert testimony to rebut the testimony of the Defendant's experts.

The Plaintiff does not need to provide expert medical testimony to prove that the fall caused all of her injuries. The Defendant relies on expert testimony linking the Plaintiff's arthritis to her injury to substantiate its

---

[31] *Id.*, at 629.

[32] See *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154, 160 (2008); *Eberhart v. Morris Brown Coll.*, 181 Ga. App. 516, 518 (1987).

[33] Expert Report of Dr. John D. Henry, Jr., at 4 [Doc. 82-1 p. 34].

[34] Expert Report of Dr. John Chao, at 4-5 [Doc. 82-1 pp. 46-47]. Dr. Henry and Dr. Chao are both board-certified orthopedic surgeons.

9

alternative theory of causation. But the Plaintiff does not need to rebut the Defendant's alternative theory of causation with expert testimony of her own. Rather, the Plaintiff must present expert testimony only if her own theory of causation raises specialized medical questions that are beyond the common knowledge and experience of a lay juror. The Georgia Supreme Court case *Self v. Exec. Comm. of Georgia Baptist Convention of Georgia, Inc.* is instructive on this point.[35] In *Self*, the plaintiff's decedent, her husband, was admitted to the defendant hospital suffering from acute leukemia. The decedent slipped and fell in the bathroom due to a leaky pipe and died the same day. The plaintiff alleged that the cause of death was a head injury sustained in the fall. The defendant relied on the testimony of two physicians who opined that the decedent had in fact died from a cerebral hemorrhage due to his acute leukemia. The trial court and the appellate court held in favor of the defendant on the grounds that the plaintiff had failed to produce an expert opinion to counter the opinions of the defendant's experts at summary judgment. The Georgia Supreme Court reversed, reasoning that "[t]he weight given to expert testimony in such cases is for the trier of fact, who is not required to give it controlling influence."[36] As subsequent case law makes clear, *Self* does not

---

[35] 245 Ga. 548, 548 (1980).

[36] *Id.*; *see also Bruce v. Classic Carrier, Inc.*, Civil Action No. 1:11-CV-01472-JEC, 2014 WL 1230231, at *6 (N.D. Ga. Mar. 24, 2014) (Interpreting *Self* to support the proposition that "[e]ven where the defendant has provided

10

stand for the proposition that expert testimony is *never* required in simple negligence cases.[37] But, where the causal link between the injury and the ensuing physical condition is within the common knowledge and experience of a lay juror—for example, when a hospital patient dies shortly after receiving a sharp blow to the head or when a motorist complains of neck pain immediately after a collision—expert testimony is not required.[38]

The Plaintiff in this case does not allege that her fall caused or aggravated her preexisting arthritis. Rather, she alleges that impact with the floor caused pain, stiffness, and swelling in her knee. That impact with the floor might give rise to knee pain is precisely the kind of causal link "which jurors must be credited with knowing by reason of common knowledge[.]"[39]

---

an alternative theory of the cause of plaintiff's injury, supported by evidence and medical expert testimony, this does not shift the burden to the plaintiff in a summary judgment motion. Rather, it simply raises a factual dispute to be resolved at trial. The specialized medical question analysis remains focused on the plaintiff's theory.").

[37] *Cowart*, 287 Ga. at 626 ("Later cases do not dispute that *Self* stated the general rule for simple negligence cases—that plaintiffs need not produce expert evidence on causation—but subsequent cases from this Court and the Court of Appeals have also recognized that there are exceptions.").

[38] *Cf. Jordan v. Smoot*, 191 Ga. App. 74 (1989) (Plaintiff complaining of neck, shoulder, and back pain immediately following an automobile accident did not need to present expert testimony on causation); *but see Eberhart*, 181 Ga. App. at 516 (expert testimony needed to show link between the plaintiff's physical infirmities and his time playing football several years prior).

[39] *Jordan*, 191 Ga. App. at 74.

11

The Defendant is free to present its alternative theory of causation to the jury, but the Plaintiff need not present expert medical testimony to support her own theory of causation at least as to some of her injuries. Summary judgment should therefore be denied on the question of whether the Plaintiff's fall caused her injuries.

B.  Whether the Plaintiff was contributorily negligent

The Defendant argues that the Plaintiff was contributorily negligent because she wore flip-flops into the Defendant's store rather than the post-op shoe with which she was provided earlier that month. "As a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner… The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable."[40]  Here, the evidence is not so "plain, palpable and undisputable" as to warrant summary judgment in favor of the Defendant on the issue of contributory negligence. The Defendant argues that the Plaintiff disregarded her doctor's instruction to wear her post-op shoe while recovering from her Lisfranc injury. But the medical record that the Defendant cites, a

---

[40]  *Ellington v. Tolar Const. Co.*, 237 Ga. 235, 237 (1976).

May 5 visit note written by Dr. Bhole, merely states that the Plaintiff was provided with a post-op shoe.[41] It does not indicate how long the Plaintiff was supposed to wear the post-op shoe or whether she was required to wear the post-op shoe at all times. Even assuming that the Plaintiff did disregard her doctor's orders, it is for the jury to decide whether and to what extent the Plaintiff's footwear contributed to her fall and subsequent injury.

The only case cited by the Defendant, *City of Winder v. Girone*, is easily distinguishable.[42] In that case, the Georgia Supreme Court held that the plaintiff was contributorily negligent as a matter of law when she attempted to cross a sewage-covered patio with full knowledge of the slippery conditions. The court reasoned that "[a] plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury."[43] Here it cannot be said that wearing flip-flops while recovering from a Lisfranc injury is an "obviously dangerous act," nor is it clear that her decision to do so was the "sole proximate cause" of her fall. The Defendant's motion for summary judgment should be denied on the issue of whether the Plaintiff was

---

[41] Ex. 5 to the Pl.'s Resp. to Def.'s Mot. for Partial Summ. J. [Doc. 92-6].

[42] 265 Ga. 723 (1995).

[43] *Id.*, at 724.

13

contributorily negligent.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Partial Summary Judgment [Doc. 82] is DENIED.

SO ORDERED, this 21 day of May, 2019.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge